Before the First Division, October 10, 1961

No. 66134.—Favrot & Pierson *v.* United States, protest 60/19279–16085 (New Orleans).

Mollison, Judge:  The plaintiff in this case imported 183 pieces of marble in slab form.  All of the pieces were seven-eighths of an inch thick and 2 feet 4⅞ inches in one dimension, the other dimension being either 2 feet 10½ inches or 5 feet 9⅛ inches.  The pieces were all polished on one surface, but apparently not on the edges.  The collector of customs assessed duty thereon at the rate of 21 per centum ad valorem under the provision in paragraph 232(d), Tariff Act of 1930, as modified by T.D. 54108, for:

Marble * * * wholly or partly manufactured into monuments, benches, vases, and other articles * * * not specially provided for.

The protest claim is for duty at the rate of 7 cents per superficial foot under the provision in paragraph 232(b) of the said act, as modified by T.D. 52373 and T.D. 52476, for:

Slabs * * * of marble, * * *  : Containing not less than four superficial inches:
*        *        *        *        *        *        *
   If polished in whole or in part (whether or not rubbed) :
      If not more than one inch in thickness

Consequently, the question before us is whether the merchandise in issue consists of marble wholly or partly manufactured into articles, or whether it consists merely of slabs of marble.

At the trial of the issue, it appeared that the merchandise had been ordered by the plaintiff from the exporter abroad as "Mausoleum Crypt Shutters," of the dimensions stated above, and that is the description of the merchandise which appears on the invoice.  Plaintiff offered and there was received in evidence at the trial a so-called "corrected invoice" from the exporter, wherein the merchandise is described as "Marble Slabs, Polished one side."

Although the record is not very clear on the point, apparently a crypt shutter is a piece of marble, which fits over the opening of the vault, which holds one or more caskets in a mausoleum and forms part of the interior wall of the mausoleum.  According to the testimony given at the trial by one of the members of the importing firm, before each of the imported pieces of marble could be used as a crypt shutter, it had to be trimmed to fit the opening in

which it was to be used, drilled to receive the bolts or fittings which fastened it to the wall and to permit the fastening of vases, name plates, etc., and, in some cases, carved with names or other data.

There does not seem to be any doubt but that the plaintiff ordered the marble at bar with the sole intention of using it ultimately as crypt shutters, but it is plaintiff's contention that, in its imported form, it consisted of nothing more than slabs of material the end use of which would be crypt shutters. On the other hand, it is the defendant's view that, in their imported form, the pieces of marble were blank crypt shutters, i.e., had been processed to the point where that appellation applied to them.

It seems clear from the evidence, however, that the only processes to which the marble had been subjected prior to importation, i.e., cutting to specific sizes and polishing on one surface, are processes which made rectangular slabs out of the original marble. There is some reference in the record to the fact that "the corners are cut" (Tr. p. 12) which, in the brief filed on behalf of the defendant, is said to mean that the pieces "have the corners trimmed off."

A reading of the remainder of the record, coupled with a perusal of the specifications of the merchandise as ordered (defendant's collective exhibit A), shows, however, that, as ordered and as imported, the merchandise consisted of nothing more than rectangular slabs of marble, cut to size and polished on one surface. In their imported condition, the articles had had nothing done to them which would characterize them as blank crypt shutters. The intent so to use them existed in the minds of the importer, but the articles themselves bore no indicia of that use.

While we do not think that it would be necessary to completely finish the articles at bar by trimming, drilling, and carving before they could be crypt shutters, nevertheless, in order to be taken out of the category of slabs and put into the category of marble, wholly or partly manufactured into articles, there should be some physical indication apparent on the slabs themselves of appropriation to that use. No such indication appears.

We are of the opinion that the facts in this case are sufficiently analogous to those in the recently decided case of *Selectile Co., Inc., et al.* v. *United States*, protests 58/21276, etc., decided September 11, 1961, 47 Cust. Ct. 66, C.D. 2281, as to warrant the application of the rule there followed.

The protest claim for duty at the rate of 7 cents per superficial foot under paragraph 232(b) of the Tariff Act of 1930, as modified, is, therefore, sustained, and judgment will issue accordingly.